UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEDANAI KELLY; S.S.,

                                    Plaintiffs,

                    -against-

CITY OF NEW YORK,

                                    Defendant.

23-CV-3208 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Kedanai Kelly, who is proceeding *pro se*, brings this action on behalf of herself and her minor child, invoking the Court's diversity of citizenship jurisdiction and alleging that the City of New York violated her rights. By order dated April 20, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint but grants Plaintiff 60 days' leave to replead her claims in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff brings this action using the court's general complaint form and invoking the Court's diversity jurisdiction. She names the City of New York as the sole defendant and asserts that the events giving rise to her claims occurred in "hospital/court/residences," from February 2023 through April 2023. (ECF 1, at 5.) [1] In the fact section of the complaint, she asserts:

> Hospital violated human rights; administered sedatives illegally lied causing defamation of character; arrested/defaming[.] The [indecipherable] caused ACS case with further insult to injury; withheld court document(s) so that I could not respond in timely fashion. Illegal due process; illegal removal of child[.] discrimination of belief system(s); sexual orientation[.]
>
> -violated of heritage
> - violation of civil liberties
> -violation of civil rights
> -false claiming
> -frustration of purpose. EAC.
> -effect of [indecipherable] Doe to guardianship
> -employment discrimination

(*Id.* at 5-6.)

In the injuries section of the complaint, Plaintiff refers to "effect(s) of mental health right(s) causing major grief" and "distress," "kidnapping by child protect services to native child," harassment, bullying, and "feeling or being trapped in state." (*Id.* at 6.)

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other grammar, spelling, and punctuation are as in the original unless otherwise indicated.

Plaintiff seeks unspecified damages for the alleged violations.

## DISCUSSION

### A.    Rule 5.2(a)(3) of the Federal Rules of Civil Procedure

Rule 5.2(a)(3) of the Federal Rules of Civil Procedure requires that any court submissions referring to a minor must only include the minor's initials. Plaintiff appears to have included the full name of her minor child in the complaint. The Court therefore directs the Clerk of Court to: (1) remove all references to the minor child's full name on the docket of this action; (2) list the child on the docket as "S.S."; and (3) limit electronic access to the complaint (ECF 1) to a "case-participant only" basis. Plaintiff must comply with Rule 5.2(a)(3) when submitting any documents in the future.

### B.    Claims on behalf of S.S.

The Court must dismiss any claims Plaintiff is seeking to assert on behalf of S.S. The statute governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing [herself]." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). A nonlawyer parent ordinarily cannot represent a child's interests *pro se*. *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); s*ee Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) (holding that it is "a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child"). Minors "are entitled to trained legal assistance so their rights may be fully protected" and nonlawyer parents are not trained to represent competently the interests of their children. *Cheung*, 906 F.2d at 61. Moreover, "a district court has a duty to raise this issue *sua sponte*." *Thomas v. Astrue*, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009); *Fauconier v. Comm.*

3

*on Special Educ.*, ECF 1:02-CV-1050, 2003 WL 21345549, at *1 (S.D.N.Y. June 10, 2003) ("[A] court has an affirmative duty to enforce the rule that a non-attorney parent must be represented by counsel when bringing an action on behalf of his or her child." (citing *Cheung*, 906 F.2d at 61)).

Because Plaintiff is not an attorney, she cannot assert any claims on behalf of other individuals, including her child. The Court therefore dismisses without prejudice any claims that Plaintiff is asserting on behalf of S.S.

## C.     Rule 8 of the Federal Rules of Civil Procedure

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Furthermore, under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A complaint fails to comply with Rule 8(a)(2) if it is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Strunk v. U.S. House of Representatives*, 68 Fed. App'x 233, 235 (2d Cir. 2003) (summary order) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988))); *see Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir.

1972) (holding that complaint did not comply with Rule 8 because " it contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension"). Rule 8 "does not demand that a complaint be a model of clarity or exhaustively present the facts alleged," but it does require, "at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (citation and quotation marks omitted). "It is not the Court's job – nor the opposing party's – to decipher a complaint that is 'so poorly composed as to be functionally illegible.'" *Ghosh v. N.Y.C. Hous. Auth.*, No. 21-CV-6139, 2023 WL 3612553, at *6 (S.D.N.Y. Feb. 27, 2023) (quoting *Avramham v. N.Y.*, No. 20-CV-4441, 2020 WL 4001628, at *2 (S.D.N.Y. July 15, 2020)). A complaint that fails to comply with Rule 8 may be dismissed. *See Da Costa v. Marcucilli*, 675 Fed. App'x 15, 17 (2d Cir. 2017) (summary order) (dismissing a complaint because it was convoluted, repetitive and difficult to understand); *Anduze v. City of New York*, No. 21-CV-519, 2021 WL 795472, at *2 (S.D.N.Y. Feb. 26, 2021) (dismissing a complaint as incomprehensible because it was illegible and the legible portions were incomprehensible, such that "the [c]ourt is unable to properly evaluate the full nature and extent of [the] [p]laintiff's claims"); *Barsella v. United States*, 135 F.R.D. 64, 66 (S.D.N.Y. 1991) (stating that the policy requiring courts to liberally construe *pro se* complaints "does not mandate that a court sustain every *pro se* complaint even if it is incoherent, rambling, and unreadable").

Plaintiff does not plead sufficient facts in the complaint about what the City of New York did to violate her rights. Plaintiff's allegations, therefore, do not comply with Rule 8, because she does not provide a short and plain statement giving Defendant fair notice of the claims she is asserting and the grounds on which they rest. Plaintiff essentially asserts that Defendant unlawfully harmed her, but the complaint does not contain sufficient facts about what occurred

or how the defendant allegedly violated her rights. Plaintiff has provided so few facts that the Court cannot understand the nature of the claims she is attempting to assert. Because Plaintiff has not articulated a viable legal claim, the Court dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to replead her claims in an amended complaint. Should Plaintiff choose to submit an amended complaint, it must contain facts suggesting that the City of New York and any other persons involved in the alleged events violated her rights.

**D.      Subject Matter Jurisdiction**

If Plaintiff files an amended complaint, she must include allegations showing that the Court has subject matter jurisdiction of her claims. The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

### 1.    Diversity Jurisdiction

Plaintiff brings this action invoking diversity of citizenship jurisdiction under 28 U.S.C.

§ 1332. To establish diversity jurisdiction, a plaintiff must first allege facts showing that the

plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S.

381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim

is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. See 28 U.S.C.

§ 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006)

(citation and internal quotation marks omitted).

Because Plaintiff indicates in the complaint that both she and Defendant are citizens of

New York, the parties in this action are not diverse. The Court therefore cannot exercise diversity

jurisdiction of this action.

### 2.    Federal Question Jurisdiction

Although Plaintiff does not invoke the Court's federal question jurisdiction, the Court

also considers whether she may do so. To invoke federal question jurisdiction, a plaintiff's claims

must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A

case arises under federal law if the complaint "establishes either that federal law creates the

cause of action or that the plaintiff's right to relief necessarily depends on resolution of a

substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-

35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690

(2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law

claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6

Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

If Plaintiff is claiming that the City of New York violated her federal constitutional or

statutory rights, the complaint could be construed as asserting claims arising under 42 U.S.C.

§ 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Plaintiff's current complaint is not sufficient to state a claim under Section 1983 upon which relief may be granted against the City of New York. When a plaintiff sues a municipality, such as the City of New York, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim under Section 1983 against a municipality, the plaintiff must allege facts showing: (1) the existence of a municipal policy, custom, or practice; and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff does not allege any facts showing that a policy, custom, or practice of the City of New York caused a violation of her federal constitutional or statutory rights. The Court therefore dismisses any claims Plaintiff may be asserting under Section 1983 against the City of New York for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status, the Court grants her leave to file an amended complaint in which she alleges facts to state a claim under Section 1983 against the City of New York and/or individuals she believes violated her constitutional rights in the incidents that she refers to in her complaint.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin*, 861 F.2d at 42. Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid claims against the City of New York or other defendants, the Court grants her 60 days' leave to replead her claims in an amended complaint. The amended complaint must contain a short and plain intelligible statement showing that Plaintiff is entitled to relief against all named defendants. Plaintiff must also allege facts demonstrating that this Court has subject matter jurisdiction of her claims.

Plaintiff is granted leave to amend her complaint to provide more facts about her claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider

in deciding whether the amended complaint states a claim for relief. That information should
include:

    a)  the names and titles of all relevant people;

    b)  a description of all relevant events, including what each defendant did or failed to do,
       the approximate date and time of each event, and the general location where each
       event occurred;

    c)  a description of the injuries Plaintiff suffered; and

    d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory
       relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her
federally protected rights and how; when and where such violations occurred; and why Plaintiff
is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the
original complaint, any facts or claims that Plaintiff wants to include from the original complaint
must be repeated in the amended complaint.

Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG")
Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic
staffed by attorneys and paralegals to assist those who are representing themselves in civil
lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the
court. It cannot accept filings on behalf of the court, which must still be made by any *pro se* party
through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this
order.

## CONCLUSION

Because Plaintiff's complaint (ECF 1) includes a minor child's full name, the Clerk of
Court is directed to: (1) remove all references to the minor child's full name on the docket of this

action; (2) list the child on the docket as "S.S."; and (3) limit electronic access to the complaint (ECF 1) to a "case-participant only" basis. The Court dismisses without prejudice all claims asserted on behalf of S.S.

The Court also dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff 60 days' leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-1935 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to issue judgment consistent with this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     August 28, 2023
           New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                         (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                     (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                     Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                  Zip Code

Defendant 2:

First Name                     Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                  Zip Code

Defendant 3:

First Name                     Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                  Zip Code

Defendant 4:

_____

First Name                     Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                   State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |
|---|---|---|

Street Address

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

    Room LL22
    40 Foley Square
    New York, NY 10007
    (212) 659 6190

    Open weekdays
    10 a.m. – 4 p.m.
    Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



# NYLAG
New York | Legal Assistance Group

## Services Provided for Self-Represented Litigants in the Southern District of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York provides free limited legal assistance to individuals who are representing themselves or planning to represent themselves in civil lawsuits in federal court in Manhattan and White Plains. The clinic is staffed by attorneys, law students, and paralegals. Information given to clinic staff is confidential.

### Clinic Staff Can:

- Advise on filing cases in federal court, including on the issue of whether a case should be filed in the Southern District of New York or somewhere else;
- Provide legal advice in response to questions that come up at any stage of litigation;
- Assist in getting additional information or research into the legal issue in your case;
- Review and explain court orders and filings by your opponent, and provide an overview of the federal legal process in civil cases generally;
- Assist with motions, discovery, and strategy;
- Assist with getting ready for depositions, pretrial conferences, mediations, and court appearances;
- Provide forms and instructions manuals;
- In appropriate cases, help you retain pro bono counsel;
- In appropriate cases, represent you in a mediation through the Southern District's Alternative Dispute Resolution Program, or a court-ordered settlement conference;
- In appropriate cases, represent you at a deposition; and
- In appropriate cases, provide referrals to other agencies and organizations that provide civil legal services and/or social services.

Use of the NYLAG Legal Clinic for Pro Se Litigants is separate from any appointment of counsel by the court. A request for appointment of counsel requires a separate application and the decision whether to appoint counsel is entirely up to the court. Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

### Clinic Staff Cannot:

- Assist with federal civil cases that belong in a different federal court, such as the Eastern District of New York, which covers of New York, which covers Brooklyn, Queens, Staten Island, and Nassau and Suffolk Counties;
- Assist with an appeal of your federal case;
- Assist with state court cases, bankruptcy court cases, or criminal cases;
- Pay any of the costs associated with filing or defending a lawsuit in federal court;
- File documents with the court on your behalf;
- Appear on your behalf other than representation at a mediation through the Southern District's Alternative Dispute Resolution Program, a court-ordered settlement conference, or, in appropriate cases, a deposition;
- Write court documents for you; or
- Conduct an investigation into the facts of your case.

### Clinic Staff May Decline Assistance If:

- NYLAG has already given advice to your opponent;
- Your legal problem is beyond the scope of matters handled by the clinic;
- Providing assistance would conflict with the New York Rules of Professional Conduct;
- Your income and/or assets are high enough to allow you to retain private counsel; or
- NYLAG determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

**New York:** Thurgood Marshall United States Courthouse | Room LL22 | 40 Foley Square | New York, NY 10007 | (212) 659 6190 | https://nylagoi.legalserver.org/modules/matter/extern_intake.php?pid=142&h=cea984&


a beneficiary of
UJA Federation
of New York