UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEDANAI KELLY, ATTORNEY FOR CHILD S.S., <br><br> Plaintiff, <br><br> -against- <br><br> CITY OF NEW YORK, et al., <br><br> Defendants. | 23-CV-3208 (LTS) <br><br> ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Kedanai Kelly, who is proceeding *pro se*, filed this action on behalf of herself and her minor child, invoking the Court's diversity of citizenship jurisdiction and alleging that the City of New York violated her rights. On August 28, 2023, the Court dismissed the complaint for failure to state a claim, but granted Plaintiff 60 days' leave to file an amended complaint to address the deficiencies in her pleading. Plaintiff filed an amended complaint on October 26, 2023, which the Court has reviewed.[1] For the reasons set forth below, the Court dismisses this action.

## BACKGROUND

In the original complaint, Plaintiff brought claims on behalf of herself and her daughter, S.S. She named the City of New York as the sole defendant and asserted that the events giving

---

[1] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, court submissions that refer to the full name of a minor child must do so by using only the child's name's initials. *See* Fed. R. Civ. P. 5.2(a)(3). Under Rule 5.2(a)(2), court submissions that refer to a person's date of birth must refer only to the person's birth year and not to the exact date of birth. *See* Fed. R. Civ. P. 5.2(a)(2). Plaintiff has attached to her amended complaint a document that reveals her minor daughter's full name and birthdate. Accordingly, in an abundance of caution, the Court has directed the Clerk of Court to restrict electronic access to that submission to a "case participant-only" basis.

rise to her claims occurred in "hospital/court/residences," from February 2023 through April 2023. (ECF 1, at 5.) Plaintiff's claims, however, were not clearly stated and she provided so few facts that the Court could not understand the nature of the claims she was attempting to assert. Her statement of claim consisted of disjointed phrases with references to a hospital violating human rights, administering sedatives, defaming character, and causing an arrest. She also referred to the Administration for Children's Services ("ACS"), the "illegal removal of a child," violation of heritage, civil liberties, and civil rights, "frustration of purpose," and employment discrimination. (*Id.* at 5-6.)

In the August 28, 2023 order, the Court took the following actions: (1) dismissed without prejudice all claims asserted on behalf of S.S. because, as a non-attorney, Plaintiff cannot represent a child's interests *pro se*; (2) determined that Plaintiff failed to comply with Rule 8 of the Federal Rules of Civil Procedure and failed to state a claim for relief because she did not plead sufficient facts in the complaint about what the City of New York did to violate her rights; (3) held that the Court cannot exercise diversity jurisdiction of this action because both Plaintiff and Defendant are citizens of New York; and (4) dismissed any claims Plaintiff may be asserting under 42 U.S.C. § 1983 against the City of New York for failure to state a claim because she had not alleged any facts showing that a policy, custom, or practice of the City of New York caused a violation of her federal constitutional or statutory rights. The Court, however, granted Plaintiff leave to file an amended complaint to state a claim under Section 1983 against the City of New York and/or individuals she believed violated her constitutional rights in the incidents that she referred to in her complaint.

In the amended complaint, Plaintiff again invokes the Court's diversity jurisdiction, asserting that the following rights have been violated:

> right to travel (see addendum) right to justice[,] human rights, right to liberty, all international rights, freedom of speech, freedom to practice[,] creed, discrimination of heritage, right to peace in living space [,] parental rights[,] mental health & hygiene right(s)[,] right to act pro se[,] right to employment[,] [and] right to administration etc.

(ECF 6, at 2.)[2] She now names the following as defendants: (1) City of New York; (2) "New York Housing Authority"; (3) "Jhonson project(s)"; (4) Harlem Hospital staff; (5) Melissa Jhon, social worker; (6) "Harlem Hospital pediatrics that saw child medical M.D. on 2/7/23 (S.S.) unsure of name"; (7) "Harlem Hospital Police 2/7/23 om reference to injury"; (8) ACS Harlem NY Office; (9) Culotta Moore, ACS case worker & her supervisor; (10) Ms. Loadholt; (11) "New York City Family Court petition room"; (12) ACS Attorney Michael Granatelli; (13) New York City Judge Keith Brown of Family Court; (14) foster care agency Rising Grand; (15) Alvarado German, case worker for Kedanai Kelly; (16) Donzell Mitchell, case worker for Kedanai Kelly; (17) Danielle Baptise, supervisor at Rising Grand; (18) New York City Human Resource Administration; (19) New York City Department of Education; (20) New York City Department of Homeless Services; (21) NYCHA Jhonson Houses; (22) Urban Peace Academy; (23) June Call Wood, Family Court Attorney; (24) Allison Baxter, Family Court Psychologist; and (25) "Police Department covering E. 135 St. NY, NY 10037." (*Id*. at 1, 5.)

Plaintiff alleges that the events giving rise to her claims occurred from 2011 to 2023 in New York City. In the fact section of the amended complaint, she asserts:

- administered sedatives to body – bodily harm
- lied about erratic behavior
- frustration of purpose of all parties for seeable action(s)
- illegal process or lack of due process
- not taking any facts into consideration
- lost property that HRA was responsible for paying

---

[2] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the amended complaint. All other grammar, spelling, and punctuation are as in the original unless otherwise indicated.

3

- lost of employment because of judge, psychiatrist
- maltreatment during court process at Family Court/staff/ bailiff didn't allow me to enter central purpose hearing

see attached exhibits
online filing coming soon –
child has been displaced out of home
– see attachment via email coming soon

(*Id*. at 6.)[3] She attaches to the amended complaint a court calendar from the New York County Family Court, which indicates that she is presently involved in child neglect proceedings in that court that began on February 7, 2023. (*Id*. at 9.)

In the injuries section of the complaint, Plaintiff asserts the following:

2/7/23 The social worker stated she recently saw Plaintiff in psych unit causing uproar of events till date 10/26/23 and child removal into nonkinship. New York City 311 has not been taking all responses to claims regarding []child protective services or NYCHA New York City Housing Authority as theyre governing body therefore too held responsible.

(*Id*. at 7.) Plaintiff seeks the following relief:

Court administered housing voucher or amount(s) that would have been allotted and see the price list sheet
freedom to act without retaliation
ther see addendum/attachment via email coming soon
expunge ACS record
return of child to mother
portability from City of New York

(*Id*.)

---

[3]Plaintiff refers the Court to an "addendum" and exhibits that are not attached to the complaint. (ECF 6, at 1, 6.) She also indicates that she plans to provide the court with additional attachments by email. On October 31, 2023, Plaintiff submitted a letter to the court requesting an extension of time to submit more documents in support of her claims. (ECF 5.)  In light of this order, Plaintiff's request for an extension of time is denied.

4

## DISCUSSION

A.   **Rule 8 of the Federal Rules of Civil Procedure**

Plaintiff's amended complaint does not cure the deficiencies the Court identified in the August 28, 2023 order of dismissal. The amended complaint, like the original complaint, does not comply with Rule 8 of the Federal Rules of Civil Procedure because Plaintiff does not provide a short and plain statement showing that she is entitled to relief. First, she again invokes diversity jurisdiction although, as stated in the August 28, 2023 order, it is inapplicable to her claims because it appears that both she and most of the defendants she is attempting to sue are citizens of New York, precluding complete diversity of citizenship. Second, to the extent the complaint could be read as an attempt to bring claims under 42 U.S.C. § 1983 against state actors, Plaintiff does not plead sufficient facts in the complaint about what any of the named defendants did to violate her rights. The amended complaint consists of a series of disjointed phrases and largely incomprehensible allegations, which do not comply with Rule 8. Because Plaintiff does not articulate a viable legal claim against any of the defendants, the Court dismisses this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

B.   *Younger* **abstention doctrine**

To the extent that Plaintiff may be asking the Court to grant injunctive and declaratory relief with respect to matters in the ongoing child neglect action in the New York County Family Court, including the propriety of removing her daughter from her custody, the Court must abstain from hearing her claims under the *Younger* abstention doctrine. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411

U.S. 564, 573-74 (1973) (citing *Younger*, 404 U.S. 37). This doctrine has been extended to certain civil actions. *See Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006); *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) ("*Younger* generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings.").

*Younger* abstention is appropriate in three categories of pending state-court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013) ("*Sprint*"). With respect to the third *Sprint* category, "federal courts should refrain from interfering with core state court civil administrative processes, powers, and functions that allow the state courts to adjudicate the matters before them and enforce their [orders and] judgments." *Cavanaugh v. Geballe*, 28 F.4th 428, 434 (2d Cir. 2022). The United States Court of Appeals for the Second Circuit has made it clear that "the way that New York courts manage their own divorce and custody proceedings [is] a subject in which '[New York has] an especially strong interest'" for the purpose of the third *Sprint* category of actions requiring *Younger* abstention. *Falco v. Justices of the Matrimonial Parts of the Supreme Court of Suffolk Cnty.*, 805 F.3d 425, 427-28 (2d Cir. 2015) (citation omitted).

Here, although it is unclear what claims Plaintiff is attempting to bring, she makes references to the removal of her daughter and seeks her return. She does not, however, allege any facts suggesting, inasmuch as her child neglect custody proceedings are pending in the New York County Family Court, that bad faith, harassment, or irreparable injury that is both serious

and immediate has occurred with respect to those proceedings. *Younger* abstention therefore applies.

C.     **State Law Claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

D.     **Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff's amended complaint does not suggest that she could bring viable claims with further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses this action for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and under the *Younger* abstention doctrine. The Court

declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:  April 15, 2024
        New York, New York

                /s/ Laura Taylor Swain
                LAURA TAYLOR SWAIN
                Chief United States District Judge